**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5206-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ABDUL J. WEBSTER,

     Defendant-Appellant.

_____

        Submitted August 28, 2019 – Decided September 25, 2019

        Before Judges Alvarez and Gooden Brown.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-08-1342.

        Abdul J. Webster, appellant pro se.

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the June 22, 2018 Law Division order, denying his second petition for post-conviction relief (PCR) without an evidentiary hearing, raising the following single point for our consideration:

> DEFENDANT['']S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. [I], [PARAGRAPH TEN] OF THE NEW JERSEY CONSTITUTION WAS VIOLATED BY THE PCR COURT['']S REFUSAL TO HOLD A SECOND [PCR] EVIDENTIARY HEARING TO ADJUDICATE . . . DEFENDANT['']S CLAIM THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

We affirm.

We incorporate by reference the facts and procedural history set forth at length in our order summarily affirming the denial of defendant's first PCR petition, State v. Webster, No. A-4744-15 (App. Div. Feb. 15, 2018), and in our unpublished decision affirming his drug related convictions and sentence following his direct appeal. State v. Webster, No. A-3890-12 (App. Div. Feb. 23, 2015), certif. denied, 222 N.J. 17 (2015). We briefly summarize those facts to lend context to the present appeal.

On April 22, 2011, Jersey City police officers arrested defendant following a narcotics investigation, during which the officers observed defendant interact with several people, make some type of exchange with some

2

of them, and approach a tree in the area a total of five times. A search incident to defendant's arrest uncovered seven bags of heroin stamped "Elvis" and approximately $185 in small denominations on defendant's person. The officers also recovered additional bags of heroin stamped "Elvis" in the tree, as well as empty bags stamped "Elvis" in a nearby alley defendant had entered and exited with some of the individuals with whom he had interacted while under surveillance.

Following a jury trial, defendant was convicted of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3); and third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7.[1] After appropriate mergers, defendant was sentenced to a mandatory extended term of ten years' imprisonment with a five-year period of parole ineligibility.

---

[1] On the State's motion, the trial court dismissed the charge of second-degree possession of CDS with intent to distribute within 500 feet of public housing, N.J.S.A. 2C:35-7.1., and the jury acquitted defendant of the additional charges of fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a), fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1, and third-degree aggravated assault of a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a).

A-5206-17T4

After we affirmed the convictions and sentence, and the Supreme Court denied defendant's petition for certification, defendant filed his first PCR petition on August 10, 2015, asserting trial counsel was ineffective by failing to thoroughly investigate two purported witnesses, J.C. and J.R., thereby depriving him of the opportunity to present their testimony at trial. In support, defendant obtained notarized statements from the witnesses, who certified that the officers did not remove any narcotics from defendant's pockets during his arrest. However, on May 12, 2016, the PCR court denied defendant's petition without an evidentiary hearing, and we affirmed the denial.

In an oral decision, the PCR court concluded that defendant failed to establish a prima facie case of ineffective assistance of counsel (IAC) under the standard formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49 (1987).[2] Specifically, the court found that defense counsel's representation was not deficient because, in addition to personally attempting to locate the two witnesses, defense counsel had submitted a comprehensive investigation request

---

[2] To prevail on a claim of IAC, a defendant must satisfy a two-part test. Specifically, the defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

to his investigator in an effort to locate and interview them. The court also determined that even if J.C. and J.R. had testified at trial, the result would not have been different since their purported testimony was not clearly exculpatory and the proofs against defendant, which included police observations and video surveillance, were overwhelming.

On May 29, 2018, defendant filed his second PCR petition, which is the subject of this appeal. In his petition, defendant asserted that his trial counsel was ineffective by failing to investigate or subpoena two additional witnesses, Ja.C. and C.R., to ascertain the nature of their interactions with defendant at the time in question. According to defendant, these purported witnesses were identified in police reports provided in discovery as individuals with whom defendant had interacted in the nearby alley. However, searches conducted by police immediately after these individuals exited the alley uncovered no drugs, and Ja.C. allegedly advised police he had simply asked defendant for directions. Despite acknowledging that Ja.C. and C.R. were "characterized" in "[p]olice reports and trial testimony" as "lacking candor[,]" defendant asserted that their testimony could have supported his defense that he was not selling heroin and rebutted the State's contrary version. Defendant also asserted in his PCR

petition that his appellate and PCR counsel were ineffective for failing to raise trial counsel's failure to investigate Ja.C. and C.R.

On June 22, 2018, in a written decision, the PCR court denied defendant's petition on the papers. Applying Rule 3:22-6(b), the PCR court explained that "a second petition for [PCR] is reviewed differently than . . . the first application" and that "'[u]pon any second or subsequent petition . . . attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon . . . [a] showing of good cause.'" Noting that "'good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second . . . petition alleges on its face a basis to preclude dismissal under [Rule] 3:22-4[,]'" the PCR court concluded that defendant failed to demonstrate "good cause," and his petition was procedurally barred. The court entered a memorializing order and this appeal followed.

"Procedural bars exist in order to promote finality in judicial proceedings." State v. McQuaid, 147 N.J. 464, 483 (1997). To that end, pursuant to Rule 3:22-4,

> [a] second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under [Rule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:

(A)  that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B)  that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C)  that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first . . . application for [PCR].

[R. 3:22-4(b).]

Rule 3:22-12(a)(2) delineates the requirements for filing a timely second petition for PCR as follows:

Notwithstanding any other provision in this rule, no second . . . petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

7

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first . . . application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first . . . application for post-conviction relief is being alleged.

Here, defendant correctly points out that in analyzing his IAC claim, the PCR court mistakenly referred to J.C. and J.R., the two purported witnesses identified in his first PCR petition, instead of Ja.C. and C.R., the potential witnesses involved in this appeal. Nonetheless, defendant's second PCR petition is untimely under Rule 3:22-12(a)(2)(C) because although defendant alleged ineffective assistance of counsel who represented him in his first PCR petition, defendant failed to file his second PCR petition within one year of the order denying his first. Indeed, notwithstanding any appeal, defendant's first petition was denied in May, 2016, and his second petition was filed on May 29, 2018. See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986) (holding that the appeal of the defendant's first PCR petition did not toll the time limitation of Rule 3:22-12). Moreover, defendant claims no newly recognized constitutional right, R. 3:22-12(a)(2)(A), and asserts no recently discovered previously unknown factual predicate for the relief sought. R. 3:22-12(a)(2)(B). In fact,

as defendant concedes, Ja.C. and C.R. were identified "at the time of the arraignment" through police reports.

Because "enlargement of Rule 3:22-12's time limits 'is absolutely prohibited[,]'" defendant's present PCR petition was properly dismissed as mandated by Rule 3:22-4(b)(1).  State v. Jackson, 454 N.J. Super. 284, 292 (App. Div.), certif. denied, 236 N.J. 35 (2018) (citations omitted).  See also R. 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12").  Further, "[b]y mandating in Rule 3:22-12(a)(2) that the one-year time limit applied '[n]otwithstanding any other provision of this rule,' the Supreme Court made clear that the late filing of a second . . . PCR petition could not be excused in the same manner as the late filing of a first PCR petition."  Jackson, 454 N.J. Super. at 293 (quoting R. 3:22-12(a)(2)).  Thus, contrary to defendant's argument, neither a showing of "'excusable neglect'" nor any resulting "'fundamental injustice'" excuses a late filing of a second PCR petition under Rule 3:22-12(a)(2).  Id. at 293-94 (quoting R. 3:22-12(a)(1)(A)).

We also reject defendant's contention that the PCR court erred by not conducting an evidentiary hearing.  While a claim of IAC is subject to "a de novo review of both the factual findings and legal conclusions of the PCR

9

court[,]" State v. Harris, 181 N.J. 391, 419 (2004), (alteration in original) (citation omitted), "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "'If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted.'" Ibid. (quoting State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original)).

Here, the PCR court correctly concluded that an evidentiary hearing was not warranted and we discern no abuse of discretion, particularly since defendant provided no supporting certifications to establish a prima facie claim of IAC, and to support his contention that Ja.C. and C.R. would have "counter[ed] or neutraliz[ed]" the testimony of the police witnesses. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim [of IAC], a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance"); State v. Porter, 216 N.J. 343, 353 (2013) ("[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have

revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification") (quoting Cummings, 321 N.J. Super. at 170) (alteration in original).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5206-17T4